IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SFP FRANCHISE CORPORATION,<br><br>Debtor. | Chapter 11<br><br>Case No. 20-10134 (___) |
| In re:<br><br>SCHURMAN FINE PAPERS,<br><br>Debtor. | Chapter 11<br><br>Case No. 20-10135 (___) |

**MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER DIRECTING
JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES**

The above-captioned debtors and debtors-in-possession (the "Debtors"), by and through their proposed undersigned counsel, hereby submit this *Motion of the Debtors for Entry of an Order Directing Joint Administration of Related Chapter 11 Cases* (the "Motion"). In support of this Motion, the Debtors rely on the *Declaration of Craig M. Boucher in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"),[1] and respectfully state as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2),

---

[1] Except where otherwise indicated, capitalized terms used but not defined in this Motion have the meanings ascribed to them in the First Day Declaration.

{1270.001-W0059626.2}

and the Court may enter a final order consistent with Article III of the United States Constitution.[2]

2.      The legal bases for the relief sought herein are section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (as amended or modified, the "Bankruptcy Code"), rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 1015-1. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3.      On the date hereof (the "Petition Date"), the Debtors commenced the above-captioned chapter 11 cases (the "Chapter 11 Cases") by each filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Court.

4.      The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

5.      As of the date of this Motion, no trustee, examiner or statutory committee has been appointed in the Debtors' Chapter 11 Cases.

6.      Additional information regarding the circumstances leading to the commencement of these Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in detail in the First Day Declaration filed contemporaneously with this Motion and incorporated herein by reference.

## RELIEF REQUESTED

7.      By this Motion, the Debtors request entry of an order, substantially in the form attached hereto, directing joint administration of these Chapter 11 Cases. The Debtors also request

---

[2] Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors hereby confirm their consent to entry of a final order by this Court in connection with this Motion if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

that the Clerk of the Court maintain one (1) file and one (1) docket for all of these Chapter 11 Cases, which file and docket shall be the one for SFP Franchise Corporation.

8.  The Debtors further request that the caption of these Chapter 11 Cases be modified as follows to reflect their joint administration:

<strong>IN THE UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF DELAWARE</strong>

| In re: | Chapter 11 |
|---|---|
| SFP FRANCHISE CORPORATION, *et al.*,[1] | Case No. 20-10134 (___) |
| Debtors. | (Joint Administration Requested) |

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: SFP Franchise Corporation (6248); and Schurman Fine Papers (1409). The location of the Debtors' principal place of business is 300 Oak Bluff Lane, Goodlettsville, Tennessee 37072.

9.  In addition, the Debtors seek the Court's direction that separate docket entries be made on the dockets of each Debtor, other than SFP Franchise Corporation, substantially similar to the following to reflect the joint administration of these Chapter 11 Cases:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of SFP Franchise Corporation and its affiliate. The docket in the chapter 11 case of SFP Franchise Corporation Case No. 10134 (___) should be consulted for all matters affecting this case.

10. Finally, the Debtors request that the Court enter an order directing that any creditor filing a proof of claim against any of the Debtors or their respective estates shall file such proof of claim against the particular Debtor of which such claim is asserted, and not against the Debtors collectively in these jointly administered cases.

## BASIS FOR RELIEF

11. Bankruptcy Rule 1015(b) provides that if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). Local Rule 1015-1 similarly provides that an order of joint administration may be entered where it is established "that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties." Del. Bankr. L.R. 1015-1.

12. In these Chapter 11 Cases, SFP Franchise Corporation is a wholly-owned subsidiary of Schurman Fine Papers. The Debtors thus are "affiliates," as that term is defined in Bankruptcy Code section 101(2) and the Court has authority to grant the relief requested herein.

13. The joint administration of these Chapter 11 Cases will permit the Clerk of the Court to utilize a single general docket and combine notices to creditors of the Debtors' respective estates and other parties-in-interest. The Debtors anticipate that numerous notices, applications, motions, other pleadings, and orders in these Chapter 11 Cases will affect both of the two (2) Debtors. Joint administration will permit counsel for all parties-in-interest to include the Debtors' respective cases in a single caption on the numerous documents that will be filed and served. Joint administration also will enable parties-in-interest in each of the above-captioned Chapter 11 Cases to be apprised of the various matters before the Court in all cases.

14. The entry of an order of joint administration will significantly reduce the volume of paper that otherwise would be filed with the Clerk of the Court, render the completion of various administrative tasks less costly and minimize the number of unnecessary delays. Moreover, the relief requested by this Motion will simplify supervision of the administrative aspects of these Chapter 11 Cases by the Office of the United States Trustee. Accordingly, the relief requested is

warranted and will ease the administrative burden for the Court and the parties.

15.  The entry of joint administration orders in multiple related cases such as these is common in this District and elsewhere. *See, e.g., In re HRI Holding Corp.*, Case No. 19-12415 (MFW) (Bankr. D. Del. Nov. 15, 2019); *In re EdgeMarc Energy Holdings, LLC*, Case No. 19-11104 (BLS) (Bankr. D. Del. May 16, 2019); *In re Pernix Sleep, Inc.*, Case No. 19-10323 (CSS) (Bankr. D. Del. Feb. 21, 2019); *In re Things Remembered, Inc.*, Case No. 19-10234 (KG) (Bankr. D. Del. Feb. 7, 2019); *In re SeaStar Holdings, Inc.*, Case No. 18-10039 (CSS) (Bankr. D. Del. Jan. 9, 2018); *In re Peekay Acquisition, LLC*, Case No. 17-11722 (BLS) (Bankr. D. Del. Aug. 11, 2017); *In re Xtera Communications, Inc.*, Case No. 16-12577 (KJC) (Bankr. D. Del. Nov. 18, 2016); *In re American Apparel, LLC*, Case No. 16-12551 (BLS) (Bankr. D. Del. Nov. 15, 2016); *In re DirectBuy Holdings, Inc.*, Case No. 16-12435 (CSS) (Bankr. D. Del. Nov. 3, 2016); *In re Golfsmith International Holdings, Inc.*, Case No. 16-12033 (LSS) (Bankr. D. Del. Sept. 15, 2016); *In re Filip Technologies, Inc.*, Case No. 16-12192 (KG) (Bankr. D. Del. Oct. 6, 2016); *In re Ranger Fabrication Management, LLC*, Case No. 16-11565 (MFW) (Bankr. D. Del. June 30, 2016).

16.  For these reasons, the Debtors submit that the relief requested herein is in the best interests of the Debtors, their estates and creditors, and therefore should be granted.

## NOTICE AND NO PRIOR REQUEST

17.  Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee; (b) each of the Debtors' creditors holding the thirty (30) largest unsecured claims as set forth in the consolidated list filed with the Debtors' petition; (c) the Senior Lenders; (d) the Internal Revenue Service; (e) the United States Attorney's Office for the District of Delaware; (f) the Subordinated Creditor; and (g) all parties who have requested notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002.

In light of the nature of the relief requested in this Motion, the Debtors respectfully submit that no further notice is necessary. No prior motion for the relief requested herein has been filed in this or any other court.

WHEREFORE, for the reasons set forth herein and in the First Day Declaration, the Debtors respectfully request that this Court enter an order, substantially in the form attached hereto (a) directing joint administration of these Chapter 11 Cases for procedural purposes only and (b) granting such other and further relief as is just and proper.

Dated: January 23, 2020
       Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Nicolas Jenner*
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Nicolas E. Jenner (No. 6554)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
Email: landis@lrclaw.com
      mcguire@lrclaw.com
      jenner@lrclaw.com

*Proposed Counsel to the Debtors
and Debtors-In-Possession*